UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSE SAUL MOLINA-GRANDE, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:07-0985 |
| | ) | (Criminal Case |
| v. | ) | No. 3:06-00194) |
| | ) | Judge Echols |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Pending before the Court is Petitioner Jose Saul Molina-Grande's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Docket Entry No. 1),[1] to which the Government has responded in opposition (Docket Entry No. 8).

## I. PROCEDURAL HISTORY

On October 18, 2006, a federal grand jury returned an Indictment against Petitioner alleging that he had unlawfully re-entered the United States after having previously been deported subsequent to a conviction of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Attorney R. David Baker ("Baker") of the Federal Public Defender's Office was appointed to represent Petitioner.

The facts in the underlying criminal case indicate that after Petitioner lawfully entered the United States from El Salvador on January 15, 1991, he was convicted in state court on December 11, 1995 for theft of property. On November 19, 1996 he was convicted in state court for unlawful possession of a weapon. On December 13, 1999, after having been indicted for attempted first-degree murder, Petitioner was convicted in state court of attempted second-degree murder and

---

[1] Also pending is Petitioner's "Pro se Motion Requesting Appointment of Counsel For Representation of 2255 Motion" (Docket Entry No. 2). That Motion will be denied because the issue presented by Petitioner is not complex and is easily resolvable on the basis of the present record.

1

sentenced to nine years imprisonment.

On October 3, 2003, an Immigration Judge ordered Petitioner removed from the United States. On November 21, 2004, Petitioner was removed from the United States after having been placed on a Delta flight which departed from Atlanta. Thereafter, Petitioner illegally re-entered the United States and was found by federal authorities in the custody of the Davidson County Sheriff's Office on October 13, 2006. The federal Indictment for unlawful re-entry followed.

Petitioner entered a "Petition to Enter a Plea of Guilty" ("Petition") along with a Plea Agreement ("PA") to the charge contained in the Indictment. Both documents indicated that Petitioner was entering a guilty plea which carried a maximum term of twenty years imprisonment, but that Petitioner was entering a plea which provided that he be sentenced at the low end of the Sentencing Guideline range. In the PA, the parties calculated the anticipated offense level to be 21, with a Criminal History Category of IV, meaning that the Guideline sentencing range was from 57 to 71 months imprisonment. (PA ¶ 11).

The PA was binding under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and therefore Petitioner agreed that if the Court sentenced him to the low-end Guideline sentence of 57 months he would not be allowed to withdraw his guilty plea. Additionally, Petitioner agreed to waive direct appeal and any claim under 28 U.S.C. § 2255 relating to sentence, including the agreed upon sentence of 57 months. However, that waiver of rights did not apply to any claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. (PA ¶¶ 12 & 17).

After a guilty plea hearing on March 5, 2007, during which Petitioner indicated he understood all of the foregoing provisions and the other statements contained in his Petition and PA, the Court reserved acceptance of the guilty plea. The probation office then compiled a Pre-sentence Report which calculated the Sentencing Guideline range to be 46 to 57 months, based on a total offense level

of 21 and a Criminal History Category III.  Thereafter, both the Government and counsel for the Defendant filed sentencing position papers which indicated that the Pre-sentence Report properly calculated the minimum Guideline sentence to be forty-six months and requested that the Court sentence Petitioner to a term of imprisonment of 46 months.

On June 11, 2007, the Court accepted Petitioner's PA.  That same day, after a hearing, the Court sentenced the Petitioner to the custody of the United States Bureau of Prisons for a term of 46 months.  The present Motion under Section 2255 followed.

## II. STANDARD OF REVIEW

To prevail on a § 2255 motion, the Petitioner must establish either an error of constitutional magnitude that had a substantial and injurious effect or influence on his criminal proceeding, see Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), or the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  Reed v. Farley, 512 U.S. 339, 348 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993).  Claims of error must be raised in the trial court and on direct appeal or such claims are procedurally defaulted.  See Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000).

To excuse a procedural default, the Petitioner must show cause for failing to raise the claim prior to the filing of his § 2255 Motion and actual prejudice resulting from the error of which he complains, or he must show his actual innocence of the crime.  See id.; Peveler v. United States, 269 F.3d 693, 697 (6th Cir. 2001).  Absent such a showing, a procedurally defaulted claim cannot give rise to relief under § 2255.  Peveler, 269 F.3d at 698.

To establish ineffective assistance of counsel, Petitioner must show that his trial or appellate counsel's performance was deficient and that the deficiency prejudiced him.  See Strickland v.

3

Washington, 466 U.S. 668, 687 (1984); Evitts v. Lucey, 469 U.S. 387, 396 (1985). Petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. Strickland, 466 U.S. at 687; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). A reasonable probability is one sufficient to undermine confidence in the outcome; it is a less demanding standard than "more likely than not." Id. A court need not address both parts of the Strickland test if the petitioner makes an insufficient showing on one. Strickland, 466 U.S. at 697.

Under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Petitioner is not entitled to an evidentiary hearing if the § 2255 motion and the record of the case conclusively show that he is not entitled to relief. See Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995). Finally, when the trial judge also hears the collateral proceedings, the judge may rely on his recollections of the prior proceedings in ruling on the collateral attack. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

### III. ANALYSIS

As indicated, Petitioner's sole claim is that Baker was ineffective in failing to file a downward departure motion. The Court rejects this argument.

Under Strickland, a claim of ineffectiveness requires a showing of both deficient performance and prejudice from the petitioner. Miller v. Straub, 299 F.3d 570, 578 (6th Cir. 2002). In the context of a guilty plea, this means that a petitioner must show "prejudice by demonstrating 'a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would

4

have insisted on going to trial." Id. (quoting, Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Petitioner has made no such showing in this case.

Petitioner faced a possible sentence of 20 years imprisonment for his unlawful re-entry after being deported for having been convicted of an aggravated felony, and a Guideline range of 63 to 78 months had Petitioner chosen to go to trial[2] and the Government not chosen to seek an upward departure. Baker negotiated a very favorable plea agreement, one in which Petitioner was to be sentenced at the low end of the Guideline range. This turned out to be 46 months, which is 41% lower than the top of the Guideline range Petitioner would have faced had he gone to trial, and more than 80% lower than the statutory maximum. Baker also convincingly argued that the Court should accept the binding PA.

Further, any effort to seek a downward departure by Baker would have been a violation of the PA negotiated with the Government. Under the terms of the PA, any violation of the PA allowed the Government to move to vacate the PA. Counsel was not ineffective by failing to file a Motion which could jeopardize the favorable terms he had negotiated for his client. (PA ¶ 19).

In his Motion to Vacate or Set Aside, Petitioner does not specify the basis for a downward departure. To the extent Petitioner may believe a downward departure motion could have been made because of his possible deportation, that argument is rejected. The Sixth Circuit has held that downward departures based upon the possibility of deportation does not apply to crimes which can be committed only by an illegal alien, such as unlawful re-entry. United States v. Ebolum, 72 F.3d 35, 38 (6th Cir. 1995).

---

[2]Notably, the Government would not have an onerous task at trial. The Government would only be required to show that Petitioner had been deported and that he was found in the United States without having received permission to reenter.

To the extent that Petitioner believes a downward departure may have been granted based upon his family background, circumstances, and history, that argument too is rejected. This Court was reluctant to impose a sentence of 46 months and believed that the high end of the applicable Guideline range of 57 months was appropriate. Petitioner repeatedly showed disrespect for the laws by returning after being deported and by his criminal activities, including a charge of attempted first-degree murder. Petitioner was also shown to have been involved in gang activity, including, at some point, affiliation with "MS-13." It was only after Petitioner showed remorse at his sentencing hearing, renounced his gang ties, and claimed that God had changed his life and he intended to serve Christ and comply with the law, that the Court decided to accept the binding PA and impose a sentence of 46 months. Petitioner was indeed fortunate in being sentenced to a term of 46 months and counsel was not ineffective in not seeking to further reduce the sentence.

Finally, the Court notes that in his Motion to Vacate and Set Aside, Petitioner claims he asked Baker to file a departure motion but that counsel refused. To the extent that Petitioner is claiming counsel was ineffective by ignoring his request or by refusing his request without any basis, the Court rejects such an argument. In his Petition, in the PA, and at the guilty plea hearing Petitioner indicated he was satisfied with counsel's representation, counsel had explained the charges and defenses, counsel had thoroughly investigated the case, counsel had reviewed the Sentencing Guidelines with him, and counsel had explained every term and condition of the PA to him. Petitioner had a full and fair opportunity to challenge Baker's failure to file a downward departure motion, both at the guilty plea hearing and the sentencing hearing, but did not do so. His belated suggestion that counsel neglected or did not otherwise pursue a valid request must be rejected.

A plea colloquy is a solemn event and "dispositions by guilty pleas are accorded a great measure of finality." Blackledge v. Allison, 431 U.S. 63, 71 (1977). Because courts must be able

6

Case 3:07-cv-00985   Document 11   Filed 07/01/08   Page 6 of 7 PageID #: 35

to rely on a defendant's statements during a plea colloquy, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. McMaster, 403 F.3d 216, 221 (4th Cir. 2005)(collecting cases).

Here, Petitioner, under oath, informed the Court that his plea was voluntary, he had discussed the terms of his plea with counsel (which included no downward departure and a sentence at the low end of the Guideline range), and that he was satisfied with counsel's representation. His present effort to avoid the terms of his knowing agreement by claiming that Baker should have filed a downward departure motion is without merit.

## IV. CONCLUSION

On the basis of the foregoing, Petitioner Jose Saul Molina-Grande's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket Entry No. 1) will be denied, as will his "Pro se Motion Requesting Appointment of Counsel For Representation of 2255 Motion" (Docket Entry No. 2). This case will be dismissed and no certificate of appealability will be issued because Petitioner cannot demonstrate that reasonable jurists would find the Court's assessment of counsel's effectiveness debatable or wrong, or that jurists of reason would find it debatable whether the Court was correct in its conclusion that counsel was acting as an effective advocate when he negotiated the PA but did not also seek a downward departure for Petitioner. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

7

Case 3:07-cv-00985   Document 11   Filed 07/01/08   Page 7 of 7 PageID #: 36